**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

TINA M. EMERSON,
ADC #710724                                                                                      PLAINTIFF

v.                                                1:12-cv-00033-JMM-JJV

MAPLES, Warden, McPherson Unit,
Arkansas Department of Correction; *et al*.                                       DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James

M. Moody. Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.    INTRODUCTION

Tina Emerson, a state inmate at the McPherson Unit of the Arkansas Department of Correction, filed this *pro se* action, alleging violations of her constitutional rights (Doc. Nos. 1, 12). On May 18, 2012, this Court granted Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit.  Because her claims were too vague, the Court offered Plaintiff the opportunity to file a Second Amended Complaint (Doc. No. 25).  Plaintiff submitted the Second Amended Complaint along with a Motion for Recusal (Doc. No. 29).

After careful review of Plaintiff's Motion for Recusal, the Court finds no basis on which to recuse from this case.[1]   The Court further finds that Plaintiff's cause of action should be dismissed

---

[1]A judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "The question is 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" *United States v. Dehghani,* 550 F.3d 716, 721 (8th Cir. 2008) (citation omitted).  "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Pope v. Federal Exp. Corp.*, 974 F.2d 982, 985 (8th Cir. 1992).

In this particular situation, Plaintiff is upset by my prior rulings.  However, Plaintiff provides no evidence to show I have animus toward her, or that I cannot faithfully and impartially make decisions based on the law and the facts.

for failure to state a claim on which relief may be granted.

## II.     SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged.  *Twombly,* 550 U.S. at 556.  The plausibility standard is not akin

to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted

unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability,

it "stops short of the line between possibility and plausibility of entitlement to relief."  *Id*. at 556-7.

## III.   ANALYSIS

In her Complaint, Emerson claims Defendants subjected her to poisonous fumes drifting

through the vents to her cell when they used a gas-powered generator to make prison repairs (Doc.

No. 1 at 1-2).  Her Amended Complaint adds claims of excessive force by Defendants when

extracting her from her cell, and states that the hand-cuffs, leg-irons, and spit mask which were

applied caused her pain and difficulty in breathing (Doc. No. 12 at 1-6).  She also states that when

guards came to extract her from her cell they used excessive force with their shields and tasers.  (*Id*.

at 5-6).  Finally, Emerson complains she was denied eye glasses and her legal mail was impeded.

(*Id*. at 3, 6.)

In the May 18, 2012, Order, this Court noted that Emerson did not specify how any of the

individual defendants were involved in the allegations of her Complaints, and did not include dates

of the alleged incidents (Doc. No. 25).  In addition, the Court cautioned Emerson about improperly

including numerous unrelated allegations in a single action, in violation of FED.R.CIV.P. 8(a)(2).

The Court urged Plaintiff to narrow and clarify her allegations, stating that she should include: (1)

the name of each individual personally involved in the actions at issue in the complaint; (2) how

each individual was personally involved in those actions; (3) how each individual violated her

constitutional rights; and (4) how she was harmed.  (Doc. No. 25 at 3-4.)

Plaintiff's Second Amended Complaint alleges: (1) she was sprayed with mace and

electrified by a "shock shield"; (2) her mail was impeded; (3) she was charged with illegal

disciplinary violations; (4) she was improperly placed on behavioral control status for an excessive period of time; (5) she was denied medical treatment for a cataract: (6) she was improperly punished for placing paper over her cell light fixture; and (7) she was mistreated when a spit mask was placed on her face (Doc. No. 29 at 1-3.)   Again, she does not identify the individuals responsible for these incidents or specify any particular individual's involvement.   She also does not state how she was harmed and combines numerous unrelated claims.

Accordingly, Plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face," and fails to plead factual content which allows the Court to draw a reasonable inference that the defendants are liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 556.   Therefore, the Court finds that Plaintiff's allegations fail to state a claim upon which relief may be granted, and her cause of action should be dismissed without prejudice.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's cause of action should be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.      This dismissal constitute a "strike" within the meaning of the PLRA.[2]

3.      The Court certify that an *in forma pauperis* appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(g).

DATED this 15th day of June, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2]The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.